UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JULIA M. DIAZ,

    Plaintiff,

v.                                               Case No: 6:18-cv-553-Orl-28TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act, as amended, 42 U.S.C. §§ 405(g) ad 1383(c)(3), to obtain judicial review of a final decision by Defendant, the Commissioner of the Social Security Administration, denying her claim for Disability Insurance Benefits and Supplemental Security Income. After reviewing the record, I respectfully recommend that the Commissioner's final decision be **reversed** and that this case be **remanded**.

### Background[1]

On July 14, 2014, Plaintiff filed applications for benefits alleging disability commencing on June 19, 2014, due to fibromyalgia, "thyroid," Sjogren's syndrome, insomnia, anxiety and panic attacks, high cholesterol, bilateral carpal tunnel, and reflux (Tr. 340-348, 382, 385). Her claim was denied initially and on reconsideration and Plaintiff requested and received a hearing before an administrative law judge ("ALJ") (Tr. 221-226; 232-241; 68-112). On June 19, 2017, the ALJ found Plaintiff not disabled and issued

---

[1] The information in this section comes from the parties' joint memorandum (Doc. 21).

an unfavorable decision (Tr. 24-60). On February 8, 2018, the Appeals Council denied Plaintiff's request for review (Tr. 1-9). Thus, the ALJ's decision became the Commissioner's final decision and this appeal timely followed (Doc. 1).

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Commissioner and published in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 19, 2014 (Tr. 32). At step two, the ALJ determined that Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine; a left shoulder disorder; polyarthritis; inflammatory polyarthropathy; Sjogren's syndrome; fibromyalgia; hypothyroidism; obesity; gastroesophageal reflux disease; depression; a schizoaffective disorder, bipolar type; and an anxiety disorder (20 CFR 404.1520(c) and 416.920(c)) (Tr. 33). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 37).

In evaluating the severity of Plaintiff's mental impairments, the ALJ found that she had "moderate" limitations in understanding, remembering, or applying information; interacting with others; concentration, persistence, or pace; and in adapting or managing herself (Tr. 33-37). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), which is unskilled, along with the following additional limitations: The claimant can occasionally stoop, kneel, crouch, or crawl; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs; should avoid exposure to hazards, such as heights or machinery with moving parts; can frequently reach (including overhead) with the left upper extremity; can frequently handle and finger with the upper extremities; can have no production rate pace work; and, can have occasional changes in a routine workplace setting.

(Tr. 41).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work (Tr. 51). After applying the Medical-Vocational Guidelines as a framework for decision making and considering Plaintiff's RFC, a vocational expert's testimony, Plaintiff's age, education and work experience,[2] the ALJ found, at step five, that Plaintiff could perform a significant number of jobs in the national economy (Tr. 51-52), and was therefore not under a disability at any time from her alleged onset date through the date of the decision (Tr. 52-53).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied

---

[2] When the ALJ issued his decision Plaintiff was fifty-four years of age and had completed two years of college (Tr. 24, 73). The vocational expert testifying at the hearing indicated Plaintiff's past relevant work was payroll clerk (sedentary/semi-skilled); retail sales casher (light/semi-skilled); and assembler, production (light/semi-skilled) (Tr. 108-09).

- 3 -

the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

Plaintiff contends that the Commissioner failed to weigh the opinions of some of her treating physicians and erred in relying on the testimony of the vocational expert due to an apparent conflict between that testimony and the Dictionary of Occupational Titles. I find the first assignment of error dispositive.

An ALJ must evaluate every medical opinion received and assign weight to each opinion. See 20 C.F.R. §§ 404.1527(c), 416.927(c). The Eleventh Circuit has held that

whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel, 631 F.3d at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's opinion, an ALJ considers numerous factors including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. §§ 404.1527(c), 416.927(c). All opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. See 20 C.F.R. §§ 404.1527, 416.927, and Winschel.

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician *unless there is good cause to do otherwise*. See Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding a treating physician's opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440. Regardless of whether controlling weight is appropriate, "the Commissioner 'must specify what weight is given to a treating physician's opinion and any reason for giving it no weight." Hill v. Barnhart, 440 F. Supp. 2d 1269, 1273 (N.D. Ala. 2006) (citation omitted); see also Graves v. Comm'r Soc. Sec., No. 6:13-cv-522-Orl-22, 2014 WL 2968252, at *3 (M.D. Fla. June 30, 2014).

Plaintiff complains that the ALJ failed to indicate the weight assigned to the opinions contained in the treatment notes of *any* of her providers. The Commissioner counters that a treating physician's treatment notes do not necessarily constitute an opinion and Plaintiff fails to identify any specific statement in the treatment notes that is in fact a medical opinion entitled to weight which the ALJ did not weigh. According to the Commissioner, "[b]ecause the treatment notes at issue here do not reflect any statements or judgments about the nature and severity of Plaintiff's impairments or contain any opinions about Plaintiff's functional limitations other than the GAF score which the ALJ weighed (Tr. 48-49, 618), the ALJ was not required to weigh the treatment records." (Doc. 21 at 22).

The parties agree that medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of a person's impairment(s), including symptoms, diagnosis, and prognosis, what the person can still do despite impairment(s), and the person's physical or mental restrictions. 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). Plaintiff has identified a plethora of statements from her providers that meet this definition. (See Doc. 21, pp. 14-20).[3] Despite acknowledging

---

[3] For example, Plaintiff's treatment notes from the Community Health Centers show that she was continuing to experience pain in her hands, feet, and aching in most muscles with nothing helping the pain (Tr. 554). Blood testing showed a positive ANA factor and elevated SED rate and Plaintiff was diagnosed with Lupus. (Id.). The nurse practitioner indicated that the "likely joint and vision changes" were "related to lupus." (Id.). Despite findings of Lupus that was likely causing joint and vision changes, the ALJ did not list Lupus as an impairment at step two (although he did list inflammatory polyarthropathy, a related condition).

Plaintiff was also diagnosed with carpal tunnel in her bilateral upper extremities (Tr. 691), and her doctor prescribed bilateral wrist splints and medication to treat her symptoms (Tr. 692). This impairment is not listed at step two, and its absence is unexplained.

Plaintiff was seen by Dr. Mark Bornstein for pain and swelling in her feet causing difficulty walking and standing (Tr. 680). Physical examination showed her to have "a lot of chronic swelling, pain, and difficulty, nonpitting in nature about bilateral feet and ankles." (Id.). Dr. Bornstein noted "very guarded ambulation." (Id.). X-rays revealed Achilles tendon spurring, some mild bone spurs in the plantar right calcaneus and "definitely bony spurring about the medial and lateral aspect of the tibia and fibular bilaterally." (Id.). On follow up visit, Dr. Bornstein noted that "physical examination reveals the patient still

these treatment notes in his decision, the ALJ did not weigh them or provide any rationale for discounting the symptoms, diagnoses and prognoses contained therein. Instead, the ALJ simply summarized the visits to all the providers and concluded (without explanation) that Plaintiff's impairments did not prohibit her from performing light work consistent with the RFC (Tr. 41-50). This is inadequate for Court review.

The Commissioner argues that even assuming the treatment records contained medical opinions that should have been weighed, the failure to do so is harmless error as "Plaintiff has pointed to nothing in the treatment records which demonstrates that her impairments caused functional limitations greater than those contained in the ALJ's RFC determination." (Doc. 21 at 23). This is not correct. Plaintiff identified treatment records showing mobility limitations due to "severe" bone spurs and treatment records containing references to episodic foot pain and swelling, yet the RFC includes no mention of any accommodation for difficulty standing or walking.[4] And, despite pain and limitations from Lupus and bilateral carpel tunnel syndrome, the RFC states that Plaintiff can frequently reach with her left arm and can frequently handle and finger with her upper extremities (Tr. 41). The failure to explain the weight given these opinions is not harmless. Remand is required.[5]

---

has the rheumatology problems" and opined "It is lupus and the severe bone spurs in the heels and Achilles tendon bilaterally." (Tr. 475). No mention of severe bone spurs is made at step two.

[4] Plaintiff testified that she used a prescribed walker or cane (Tr. 86).

[5] I do not suggest the ALJ must credit these limitations. The weight to be given an opinion of limitation is for the Commissioner and not the Court. But, the ALJ did not adequately evaluate these opinions and remand is therefore required for the ALJ to review all of the opinions of restrictions and limitations. As is clear from the lengthy summary of medical treatment, Plaintiff's condition waxes and wanes and the medical evidence is not without inconsistencies. It is because of these inconsistencies that an articulated rationale must be provided to explain why some findings were credited while others were not, in order for the Court to review the ALJ's conclusions under the appropriate standard.

Plaintiff has raised an additional argument, based on the testimony of the vocational expert. Because remand is required based upon Plaintiff's first argument, it is unnecessary to review the remaining objections to the ALJ's decision. Freese v. Astrue, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

(1) The Commissioner's final decision be **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. §405(g) for further proceedings consistent with the findings in this Report.

(2) The Clerk be directed to enter judgment and **CLOSE** the file.

(3) Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

(4) Plaintiff be directed that upon receipt of such notice, she shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 28, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties